IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs December 2, 2025

**STATE OF TENNESSEE v. WILLIAM DANGELO PENNY**

**Appeal from the Circuit Court for Madison County**
**No. 23-446          Donald H. Allen, Judge**

_____

**No. W2025-00169-CCA-R3-CD**

_____

In 2024, a Madison County jury convicted the Defendant, William Dangelo Penny, of felony evading arrest, misdemeanor evading arrest, leaving the scene of an accident, and driving while his license was suspended. The trial court sentenced him to nine years of incarceration. On appeal, the Defendant contends that the evidence is insufficient to support his convictions. He also contends that his motion for a continuance of his trial should have been granted. The State notes that the appeal is untimely. After review, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ROBERT W. WEDEMEYER, P.J., delivered the opinion of the Court, in which CAMILLE R. MCMULLEN, and JILL BARTEE AYERS, JJ., joined.

J. Colin Morris, Jackson, Tennessee, for the appellant, William Dangelo Penny.

Jonathan Skrmetti, Attorney General and Reporter; Caroline Weldon, Assistant Attorney General; Jody S. Pickens, District Attorney General; and Justin Prescott, Assistant District Attorney General for the appellee, State of Tennessee.

**OPINION**
**I. Facts**

This case arises from the Defendant's leaving the scene of a traffic accident. Two law enforcement officers dressed in plainclothes and in an unmarked vehicle observed the accident. The officers instructed the Defendant, who was driving a black pickup truck, to pull over his vehicle. The Defendant drove away from the scene of the accident, causing the officers to activate their blue lights and sirens in pursuit. The Defendant failed to yield to the officers and led them on a high-speed, erratic pursuit. The officers later found the Defendant hiding in the woods. For his actions, a Madison County grand jury indicted him

for felony evading arrest (Count 1), unauthorized use of a motor vehicle (Count 2), misdemeanor evading arrest (Count 3), leaving the scene of an accident (Count 4), driving while his license was suspended (Count 5), and violation of the financial responsibility law (Count 6).

## A. Motion for Continuance

On the morning of trial, defense counsel indicated that a motion to continue the case had been filed by the Public Defender's Office because the assigned attorney had a death in the family. Another public defender ("Counsel") volunteered that the assigned lawyer had asked him to handle the trial. Counsel stated that he had met with the Defendant and that the case was straightforward. Counsel stated that he was familiar with the legal issues involved and had tried many similar cases in his career. Counsel maintained that he had reviewed the discovery file. He stated that he understood the trial court's potential hesitation but felt he was prepared to take the case forward.

The trial court noted that the Defendant's trial had been continued twice, once by the Defendant's motion and a second because of court scheduling. The trial court recalled that the Defendant had posted bond and had previously indicated that he planned to obtain private counsel.

The Defendant indicated that Counsel was not prepared for trial and had not met with him as he said. The Defendant stated that Counsel was unprofessional and did not seek to understand the Defendant's mental state at the time of the crime. He stated that his was not a straightforward case and that Counsel needed to meet with him multiple times before proceeding to trial. The Defendant stated that Counsel was uncooperative and unethical. He stated that he was still in the process of retaining private counsel.

The trial court accredited Counsel's testimony that he met with the Defendant and stated the Defendant would be allowed to confer with Counsel during trial. Counsel reiterated his preparedness for trial. The trial court stated that the Defendant appeared to be deliberately trying to delay the trial. On this basis, the trial court denied the Defendant's motion.

## B. Trial

At the Defendant's trial, the parties presented the following evidence: Investigator Brandon Bankston testified that he worked for the Jackson Police Department and was on patrol on April 12, 2023, with another officer, Sergeant Jeff Herndon. While driving in their unmarked patrol car, they observed a collision between a black pickup truck and an SUV. After colliding with the SUV, the pickup truck had gotten wedged between their patrol car and the SUV. The pickup truck was driven by the Defendant, and his window was rolled down. Sergeant Herndon rolled down the window of the patrol car and

instructed the Defendant to pull his vehicle to the shoulder so that the officers could complete a traffic accident report. The Defendant drove away, and the officers immediately activated their blue lights and siren and pursued the Defendant's pickup truck.

The Defendant did not yield and instead led the officers on a pursuit at speeds of 70 to 80 miles per hour that eventually was joined by a helicopter. The Defendant pulled the pickup truck into a residential driveway and took off running. Investigator Bankston identified the Defendant in court as the driver of the pickup truck. The officers pursued the Defendant on foot through a neighborhood. Other law enforcement officers joined in the response and eventually the Defendant was detained.

On cross-examination, Investigator Bankston agreed that he and Sergeant Herndon were dressed in plain clothes and that their badges and police weapons were not visible while they were inside their patrol vehicle. Investigator Bankston could not recall the words used by Sergeant Herndon when he instructed the Defendant to pull his vehicle to the shoulder after the collision. On redirect-examination, Investigator Bankston estimated that the Defendant was driving faster than 70 miles per hour during the pursuit. On recross-examination, he estimated that the pursuit lasted between seven and ten minutes.

Sergeant Jeff Herndon testified consistently with Investigator Bankston's account of the collision and pursuit. Sergeant Herndon recalled that during the pursuit the Defendant crossed into oncoming traffic. After detaining the Defendant, the officers determined that the Defendant did not have a valid driver's license at the time of the pursuit.

On cross-examination, Sergeant Herndon recalled that he did not identify himself as law enforcement when he told the Defendant to pull over his vehicle. He stated that the Defendant's pickup truck was discovered to be reported as stolen and did not have valid insurance.

At the close of the State's proof, the trial court granted the Defendant's motion for judgments of acquittal with respect to Count 2, unauthorized use of a motor vehicle, and Count 6, violation of the financial responsibility law.

The Defendant testified that he did not know the men were law enforcement when they attempted to pull him over, that they never activated their blue lights, that he did not hear sirens, and that he surrendered to police when a uniformed officer approached him, indicating his lack of intent to evade arrest. Based upon this evidence, the jury convicted the Defendant of felony evading arrest, a Class D felony; evading arrest, a Class A misdemeanor; leaving the scene of an accident, a Class B misdemeanor; and driving with a revoked license, a Class B misdemeanor.

After a sentencing hearing, the trial court sentenced the Defendant as Range III multiple offender to an effective sentence of nine years of incarceration.

3

## II. Analysis

The State correctly notes that the Defendant's appeal is untimely. The judgments became final thirty days after the trial court entered an order denying the Defendant's motion for new trial on October 23, 2024. The Defendant filed his notice of appeal on February 7, 2025, well after the thirty-day window required by Tennessee Rule of Appellate Procedure 4 (stating "the notice of appeal shall be filed with the clerk of the appellate court within 30 days after the entry of the judgment appealed from.") No reason for the delay has been provided to this court by the Defendant. On this ground, the State argues that we should dismiss his appeal and that, if we choose to review the issue, the evidence presented at trial is overwhelmingly sufficient to sustain the Defendant's convictions. The Defendant does not address the timeliness issue in his brief nor did he file a reply brief to respond to the State's brief raising the timeliness issue.

We agree with the State that dismissal of the Defendant's appeal is required, based on its untimeliness. We note that, at times, this court waives dismissal of an untimely appeal if it serves the interest of justice. Our thorough review of the record reveals no "interest of justice" reason to waive the Rule 4 timeliness requirement, and therefore, we dismiss the appeal.

## III. Conclusion

Based on the foregoing reasoning and authorities, we dismiss the appeal.

_ _s/ _ROBERT W. WEDEMEYER_ _ _
ROBERT W. WEDEMEYER, JUDGE

4